In the Matter of the Estate of AUGUSTUS V. HEARTMAN, Also Known as AUGUSTUS VALENTINE HARTMAN, Also Known as AUGUST VALENTINE HARTMAN, Also Known as AUGUSTUS H. VALENTINE, Deceased.

Surrogate's Court. Queens County, May 18, 1942.

Oswald M. Murphy, for Walter A. Van Ness, petitioner.

Harry I. Huber, for Anna Hartman.

Samuel M. Berley, for Pauline Hartman.

Joseph Wahrhaftig, for Josephine Ryder.

George J. Warmund [Joseph F. Soverio of counsel], for Jerome Hartman.

HETHERINGTON, S. The testator died on November 17, 1939, leaving a will executed on October 15, 1923. The clause of the will which has prompted the executor to institute this proceeding for a construction provides as follows: " IV: I give to my landlady with whom I shall have been stopping at the time of my death, all my personal property of whatsoever value found on me or in my room."

Three rival claimants, not related to the testator, claim to be the legatee intended. The residuary legatee, the sister of the testator, urges that none of the claimants answers the description of the person intended and that the legacy lapsed and passed to her as property disposed of by the residuary clause of the will.

The controversy cannot be determined without mention of the several persons with whom the testator lived and his places of abode between the making of the will and the date of his death. The parties concede that the testator resided from 1922 to September, 1937, in premises owned by Josephine Ryder, from September, 1937, to June, 1938, in his own premises and that between June 27, 1938, until the date of his death he occupied a room in premises owned by Jerome Hartman. Thus, it appears that the former was his landlady at the time of the execution of the will and the latter his landlord at the time of his death. In the construction of a will the question is what did the testator intend at the time of the execution. Circumstances occurring long after the will could hardly be within his contemplation and accordingly shed no light upon the meaning of language which he then used. Testator's use of the word " landlady " is not without significance. It accurately and appropriately described the relations then existing between himself and Josephine Ryder. Presumably she was the person the testator then had in mind, and had the relationship continued until his death, or had he died in or prior to September, 1937,

she might have qualified as the legatee intended. In view of the fact that she was not his " landlady " at the time of his death the legacy cannot be awarded to her. Testator in my opinion clearly intended a woman, not ascertainable until his death, as his legatee. While the word " landlord " might be construed to mean a person of either sex and even an artificial person, I do not think the word " landlady " can be similarly construed. In my judgment it can only mean a woman. The claim of Jerome Hartman must, therefore, be disallowed. The claim of Pauline Hartman does not appear to have been seriously pressed and is without substance. It does not appear that she had any relations whatsoever with the testator. My conclusion is that there was no landlady with whom the testator was stopping at the time of his death, that the legacy lapsed and passed to testator's sister as property disposed of by the residuary clause of the will. Submit decree construing the will accordingly, on notice.